**SO ORDERED.**

**SIGNED this 29 day of July, 2011.**

_____
**J. Rich Leonard
United States Bankruptcy Judge**

_____

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF NORTH CAROLINA
# RALEIGH DIVISION

| | |
|---|---|
| IN RE: | |
| | CASE NO. 09-11148-8-JRL |
| AUBREY LYMAN MEADE, JR., | |
|     DEBTOR. | Chapter 11 |
| | |
| AUBREY LYMAN MEADE, JR., | |
|     Plaintiff, | |
|         v. | ADVERSARY PROCEEDING |
| | NO. 10-00280-8-JRL |
| BANK OF AMERICA, successor-in-interest to | |
| GreenPoint Mortgage Funding, Inc., | |
|     Defendant. | |

## ORDER

This matter came before the court on the parties' cross motions for summary judgment. A hearing was held on July 12, 2011, in Raleigh, North Carolina.

Aubrey Lyman Meade, Jr., ("the plaintiff") filed for relief under chapter 11 of the Bankruptcy Code on December 22, 2009. The plaintiff instituted this adversary proceeding on October 28, 2010, to avoid two liens created by deeds of trust on his property located in Franklin County, North Carolina. The deeds of trust were originally granted in favor of GreenPoint Mortgage Funding, Inc., but are now owned by Bank of America ("the defendant"). After conducting discovery, the parties each moved for summary judgment on the issues presented to

the court.

## BACKGROUND

The plaintiff owns approximately 30 rental properties. Two tracts relevant to this adversary proceeding are described in the general warranty deed granted to the plaintiff on June 18, 1998, as lots 978 and 979 located in Lake Sagamore Subdivision as shown in plats filed in Plat Book 12, pages 19-26 in the Franklin County Register of Deeds. Lot 978 is associated with the property address of 228 Shawnee Drive in Louisburg, North Carolina, and Lot 979 is associated with the address of 226 Shawnee Drive. On December 16, 2005, the plaintiff executed four deeds of trust in favor of the defendant. The first two contain the same property description, but the first secures a note in the amount of $81,600.00 and the second secures a note for $15,300.00. The property description for these deeds of trust states:

> Being all of Lot No. 979, lying and being in Lake Sagamore Subdivision, Cypress Creek Township, Franklin County, North Carolina, as the same is shown on those certain plats filed in the office of the Register of Deeds of Franklin County, North Carolina, in Plat Book 12, Pages 19-26, the description of said lots as shown on said plats being incorporated herein by reference thereto.

After the final period of the description and a few blank lines of space, the deed of trust goes on to state "which currently has the address of 228 Shawnee Drive, Louisburg, North Carolina, 27549." The liens created by these two deeds of trust are the subject of the plaintiff's avoidance action.

The third and fourth deeds of trust executed on December 16, 2005, secure notes in the amount of $83,200.00 and $15,600.00 respectively. The third and fourth deeds of trust contain identical property descriptions to each other that are the same as the description quoted above, except the property address associated with these deeds of trust is described as 226 Shawnee

Drive. To summarize, all four deeds of trust describe Lot 979 as shown in Plat Book 12, but the first two list the property address as 228 Shawnee Drive, while the latter two correctly describe the address as 226 Shawnee Drive.

Based on these descriptions alone, it appears that the plaintiff has granted four deeds of trust in favor of the defendant on Lot 979. The property addresses, however, indicate that the first two encumber the property at 228 Shawnee Drive (which is really Lot 978) and the latter two encumber 226 Shawnee Drive (Lot 979). The parties do not dispute that it was the their mutual intention to encumber Lot 978 with the first two deeds of trust and Lot 979 with the latter two deeds of trust, despite the fact that all four include the description "Lot 979." Additionally, the second and fourth deeds of trust are titled as secondary liens. Given these property descriptions and despite the mutual intent, the plaintiff seeks a determination that the defendant lacks a secured interest in Lot 978 and asks to avoid any interest encumbering Lot 978.

## STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 56(c), made applicable in bankruptcy by Bankruptcy Rule 7056, summary judgment is proper "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." The "plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). In making this determination, conflicts are resolved by viewing all facts and all reasonable

inferences in the light most favorable to the nonmoving party. United States v. Diebold, Inc., 369 U.S. 654, 655 (1962).

**DISCUSSION**

The plaintiff, as a debtor in possession, seeks to assert his powers under the "strong arm clause" of 11 U.S.C. § 544(a) to avoid the defendant's interest in Lot 978. Although this section of the code grants the trustee powers to avoid transfers, § 1107(a) grants the debtor in possession (DIP) the rights and powers of a trustee, including the right to avoid transfers of property. Section 544(a) provides three circumstances in which a DIP can avoid transfers, but only two are relevant to the court's discussion. Section 544(a)(1) gives the DIP the status of a judicial lien creditor on all property as of the date of the petition. 11 U.S.C. § 544(a)(1). Using state law to determine the rights and priority of this hypothetical lien creditor, the DIP can avoid any secured interests that this hypothetical lien creditor would have priority over on the date of the petition. Airadigm Communs., Inc. v. FCC (In re Airadigm Communs., Inc.), 519 F.3d 640, 650 (7th Cir. 2008). Section 544(a)(3) treats the DIP as a bona fide purchaser of real property. Where a bona fide purchaser of real property, qualifying as such under state law, could avoid a secured interest in the property as of the date of the petition, so too can the DIP. In re Law Developers, LLC, 404 B.R. 136, 139 (Bankr. E.D.N.C. 2008) (citing In re Hartman Paving, Inc., 745 F.2d 307, 309 (4th Cir. 1984)).

The plaintiff argues he can avoid the defendant's deeds of trust that attempt to encumber Lot 978 at 228 Shawnee Drive under § 544(a)(1), while the defendant argues against avoidance under both subsections. Avoidance under § 544(a)(3) is not appropriate here. In In re Hartman Paving, Inc., 745 F.2d 307 (4th Cir. 1984), a heavily criticized opinion, the Fourth Circuit held

-4-

that a DIP acting as a bona fide purchaser cannot invalidate a deed of trust where he was party to the original transaction and had actual notice of its existence. Id. at 310. Knowledge of a mistake in that deed of trust is imputed to the DIP under § 544(a)(3) in the Fourth Circuit. In re Law Developers, 404 B.R. at 139. Here, the plaintiff was a party to the two deeds of trust in question. The parties agree it was their mutual intent to encumber Lot 978, despite the fact that the two deeds of trust describe Lot 979. Therefore the plaintiff does not qualify as a bona fide purchaser for value and cannot take advantage of § 544(a)(3).

     A trustee or DIP can lose his status as a bona fide purchaser where he is on inquiry notice that there may be a defect in the title, even if, on closer review, there is nothing defective about the title to the property. See Butler v. Deutsche Bank Trust Co. (In re Rose), No. 08-00080-8-JRL, 2009 Bankr. LEXIS 2337, at *9 (Bankr. E.D.N.C. July 20, 2009) (holding that where a reasonable title searcher could clarify an otherwise defective description by looking to the extrinsically referenced chain of title and ambiguity all but disappeared, trustee was still charged with knowledge and lost bona fide purchaser status), aff'd, 2011 U.S. App. LEXIS 5769 (4th Cir. Mar. 21, 2011). Constructive notice has no bearing on maintaining one's status as a lien creditor. Maloney v. American Nat'l Bank (In re Terkeltaub), 117 B.R. 47, 50 n.3 (Bankr. D. Conn. 1990) (quoting In re Minton Group, 27 B.R. 385, 391 (Bankr. S.D.N.Y. 1983), "Constructive notice does not preclude one from becoming a judicial lien creditor . . . as it does in the case of a bona fide purchaser, where such notice affects the purchaser's bona fide status.") The defendant misunderstands this court's holding in In re Boardwalk Development Co., 72 B.R. 152 (Bankr. E.D. N.C. 1987), and argues that a trustee or DIP would lose status as a bona fide purchaser and as a lien creditor if he had constructive notice of a defect in the title. Although In

re Boardwalk Development states that constructive notice would prohibit a trustee from exercising his rights under § 544(a), the court was not referring to all the powers under § 544(a), but rather just the power under § 544(a)(3). Id. at 155 n.5. The footnote, in its entirety, states that the powers under § 544(a) cannot be exercised "if constructive notice existed which would have alerted a potential bona fide purchaser to an error in the deed of trust . . . ." Id. Despite using the broader "§ 544(a)," it does not make sense to apply this statement to § 544(a)(1), under which a lien creditor test is used and the notice of a bona fide purchaser is irrelevant.[1]

Constructive notice of a defect in the title does not influence the analysis of whether a DIP pursuant to § 544(a)(1) can avoid an interest in the property when acting as a hypothetical lien creditor. As such, the issue of whether the inclusion of "228 Shawnee Drive" which conflicts with Lot 979 would put a reasonable title searcher on notice of a defect need not be addressed. Similarly, discussion of this court's holding in Butler v. Deutsche Bank Trust Co. (In re Rose), as affirmed by the Fourth Circuit, is not relevant. In re Rose dealt with avoidance powers under § 544(a)(3) and whether the property description would put a bona fide purchaser on notice that something was amiss with the title.

Without need for a title examination analysis, the court turns to the issue of whether a hypothetical lien creditor would have priority over the defendant's two deeds of trust that attempt to encumber Lot 978 located at 228 Shawnee Drive. More simply, the issue is whether the two deeds of trust were valid encumbrances on Lot 978 located at 228 Shawnee Drive on the

---

[1]Defendant might also be referring to the sentence in the main text of the decision that states "*Hartman Paving* held that a debtor-in-possession with notice could not rely on 11 U.S.C. § 544(a) to avoid a transfer if a purchaser with notice could not do so." Id. at 155 (emphasis added). Again, even though the broader "§ 544(a)" is used, the reference to a purchaser with notice indicates this statement refers to the powers under § 544(a)(3) not (a)(1).

petition date.  If the two deeds of trust do not properly describe Lot 978, they are not valid encumbrances on the property.  See Overton v. Boyce, 289 N.C. 291, 293 (1976) ("A deed purporting to convey an interest in land is void unless it contains a description of the land sufficient to identify it or refers to something extrinsic by which the land may be identified with certainty.").  With an insufficient or improper description, the DIP, acting as a hypothetical lien creditor, will be able to avoid the interests, so long as no right of reformation of the deeds of trust exists.  Reformation is an equitable remedy that allows a court to rewrite an instrument that contains a mutual mistake or draftsman's error to reflect the actual intention of the parties.  In re Law Developers, 404 B.R. at 139 (citing Metro. Prop. & Cas. Ins. Co. v. Dillard, 126 N.C. App. 795,798 (1997)).  The right to reform is cut off under North Carolina law where an intervening lien creditor is without knowledge of the mistake and has "'advanced some new consideration or incurred some new liability on the faith of the apparent ownership.'"  In re Law Developers, 404 B.R. at 140 (quoting M&J Fin. Corp. v. Hodges, 230 N.C. 580, 582 (1949)).  The Bankruptcy Code assumes the DIP, acting as a lien creditor, both lacks knowledge of the mistake and incurred new liability on the petition date.  11 U.S.C. § 544(a)(1); see also In re Millerburg, 61 B.R. 125, 128 (finding that unlike the Fourth Circuit's reading of § 544(a)(3), notice or knowledge are not factors to be considered when using the strong arm powers of § 544(a)(1)).  Therefore, pursuant to § 544(a)(1), no right of reformation exists here and the plaintiff can avoid defendant's interest in Lot 978 if the property description in the two deeds of trust is insufficient to encumber Lot 978.

Turning to the property description, the only inconsistency is that the reference to Lot 979 and recorded plat book does not match the street address of 228 Shawnee Drive.  In North

Carolina, a property description that refers to a recorded map or plat incorporates that map or plat into the description. Stanley v. Laughter, 162 N.C. App. 322, 326 (2004) (citations omitted). Property descriptions often include more than one means of description, such as reference to a plat or map, metes and bounds, a description in a prior conveyance, or street address. Webster's Real Estate Law in North Carolina §10-34 (5th ed. 1999). Where property descriptions conflict, certain methods take priority over others. The North Carolina Court of Appeals recently dealt with conflicting property descriptions in Peterson v. Polk-Sullivan, LLC, 698 S.E.2d 514 (N.C. Ct. App. 2010). The legal description at issue contained a reference to a recorded deed and recorded plat that conflicted with one another. The court cited clear state supreme court precedent: "'Where a deed contains two descriptions, one by metes and bounds and the other by lot and block according to a certain plat or map, the controlling description is the lot according to the plan, rather than the one by metes and bounds.'" Kelly v. King, 225 N.C. 709, 716 (1945) (citation omitted). The court in Peterson held that "a clearly referenced plat description" takes priority over a deed description or the parties' intentions. Peterson, 698 S.E.2d at 516.

     Here, the reference to a recorded plat conflicts with a street address, not a deed description. Although the facts are not identical to Peterson, the inference that if a reference to a recorded plat has priority over a deed description, it also has priority over a street address is a logical one. First, street addresses often change over time and are thus unreliable. Second, using street addresses for property descriptions alone is not a standard practice, likely for this reason. Webster's Real Estate Law in North Carolina § 10-41 ("While not advisable, buildings are sometimes described by reference to street and number in conveyances of city land."). A street

address alone may be a sufficient description.  In Walker v. U.S. Bank (In re Walker), No. 06-02036, 2007 Bankr. LEXIS 1546 (Bankr. M.D.N.C. Apr. 27, 2007), Judge Stocks found that North Carolina law was silent on whether a street address alone was sufficient, and using law from other jurisdictions with the same rules regarding property description, held that it was sufficient.  Id. at *7-8.  The deed of trust at issue also referenced a description in "Exhibit A," but no exhibit was attached.  Id. at *3 n.4.  Also persuasive to the court was that the City of Burlington had an established and known system of street numbering that was uniformly accepted and used within the city.  Id. at *8.  Even though the street address was given credence in Walker, the result was based on the fact that there was no other description and the uniformity of the street numbering system.  Here the deeds of trust include the more reliable and accurate lot number and plat.

Given North Carolina's preference for a recorded plat over a reference to a prior deed or metes and bounds description and the issues of reliability with street addresses, the court finds that a description by lot number according to the recorded plat is similarly preferred over a conflicting street address.  Of further support here is the fact that the plaintiff actually owns Lot 979, so the controlling and more reliable reference to it is an entirely plausible reading of the description.  Without a proper description of Lot 978 the deeds of trust at issue are not valid interests in that property, and the plaintiff may exercise his powers pursuant to § 544(a)(1) and avoid the defendant's interest in Lot 978.

Based on the foregoing, the plaintiff's motion for summary judgment is **GRANTED** and the defendant's motion is **DENIED**.

**END OF DOCUMENT**