IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 5:11-CV-501-FL

| | |
|---|---|
| BANK OF AMERICA, successor-in-interest to GreenPoint Mortgage Funding, Inc.<br><br>Appellant,<br><br>v.<br><br>AUBREY LYMAN MEADE, JR.,<br><br>Appellee. | ORDER |

This matter is before the court on appeal by Bank of America, successor-in-interest to GreenPoint Mortgage Funding, Inc., from an order of the United States Bankruptcy Court dated July 29, 2011. Notice of appeal was filed on August 11, 2011, pursuant to 28 U.S.C. § 158(a), within the time period allotted by Fed. R. Bankr. P. 8002. The appeal has been fully briefed, and the matter is now ripe for decision. For the reasons that follow, the decision below is affirmed.

**STATEMENT OF THE CASE**

Aubrey Lyman Meade, Jr. ("appellee") filed for relief under Chapter 11 of the Bankruptcy Code on December 22, 2009. Appellee, as debtor in possession ("DIP"), then initiated an adversary proceeding against Bank of America, successor-in-interest to GreenPoint Mortgage Funding, Inc. ("appellant"), seeking to avoid two liens ostensibly created by deeds of trust on his property located in Franklin County, North Carolina. The parties conducted discovery, and appellee moved for summary judgment on March 11, 2011, appellant on May 2, 2011.

The bankruptcy court held a hearing on the parties' motions for summary judgment on July

12, 2011. By order entered July 29, 2011, the bankruptcy court found in favor of appellee. Appellant filed notice of appeal on August 11, 2011. The record on appeal was docketed in this court on September 23, 2011, and the parties thereafter filed their briefs for the court's consideration.

## STATEMENT OF FACTS

Where the parties have not objected to the bankruptcy judge's findings of fact, the court, discovering no error, adopts said findings and copies them below for ease of reference:

> [Appellee] owns approximately 30 rental properties. Two tracts relevant to this adversary proceeding are described in the general warranty deed granted to [appellee] on June 18, 1998, as lots 978 and 979 located in Lake Sagamore Subdivision as shown in plats filed in Plat Book 12, pages 19-26 in the Franklin County Register of Deeds. Lot 978 is associated with the property address of 228 Shawnee Drive in Louisburg, North Carolina, and Lot 979 is associated with the address of 226 Shawnee Drive. On December 16, 2005, [appellee] executed four deeds of trust in favor of [appellant]. The first two contain the same property description, but the first secures a note in the amount of $81,600.00 and the second secures a note for $15,300.00. The property description for these deeds of trust states:
>
>> Being all of Lot No. 979, lying and being in Lake Sagamore Subdivision, Cypress Creek Township, Franklin County, North Carolina, as the same is shown on those certain plats filed in the office of the Register of Deeds of Franklin County, North Carolina, in Plat Book 12, Pages 19-26, the description of said lots as shown on said plats being incorporated herein by reference thereto.
>
> After the final period of the description and a few blank lines of space, the deed of trust goes on to state "which currently has the address of 228 Shawnee Drive, Louisburg, North Carolina, 27549." The liens created by these two deeds of trust are the subject of [appellee's] avoidance action [(the "subject deeds of trust")].
>
> The third and fourth deeds of trust executed on December 16, 2005, secure notes in the amount of $83,200.00 and $15,600.00 respectively. The third and fourth deeds of trust contain identical property descriptions to each other that are the same as the description quoted above, except the property address associated with these deeds of trust is described as 226 Shawnee Drive. To summarize, all four deeds of trust describe Lot 979 as shown in Plat Book 12, but the first two list the property address as 228 Shawnee Drive, while the latter two correctly describe the address as

2

226 Shawnee Drive.

Based on these descriptions alone, it appears that [appellee] has granted four deeds of trust in favor of [appellant] on Lot 979. The property addresses, however, indicate that the first two encumber the property at 228 Shawnee Drive (which is really Lot 978) and the latter two encumber 226 Shawnee Drive (Lot 979). The parties do not dispute that it was the their mutual intention to encumber Lot 978 with the first two deeds of trust and Lot 979 with the latter two deeds of trust, despite the fact that all four include the description "Lot 979." Additionally, the second and fourth deeds of trust are titled as secondary liens. Given these property descriptions and despite the mutual intent, [appellee] seeks a determination that [appellant] lacks a secured interest in Lot 978 and asks to avoid any interest encumbering Lot 978.

## DISCUSSION

A.   Standard of Review

This court has appellate jurisdiction pursuant to 28 U.S.C. § 158(a)(1) to review the bankruptcy court's order. "On an appeal [from the bankruptcy court] the district court . . . may affirm, modify, or reverse a bankruptcy judge's judgment, order, or decree or remand with instructions for further proceedings." Fed. R. Bankr. P. 8013. Findings of fact are reviewed for clear error, and questions of law are reviewed *de novo*. Bowers v. Atlanta Motor Speedway (In re Southeast Hotel Properties Ltd. Partnership), 99 F.3d 151, 154 (4th Cir. 1996); see also Fed. R. Bankr. P. 8013 ("Findings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of the witnesses.").

The bankruptcy court granted summary judgment for appellee under Federal Rule of Civil Procedure 56, made applicable to adversary proceedings in bankruptcy by Federal Rule of Bankruptcy Procedure 7056. Summary judgment is appropriate when there exists no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P.

3

56(c); Anderson v. Liberty Lobby, 477 U.S. 242, 247 (1986). The party seeking summary judgment bears the initial burden of coming forward and demonstrating the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the nonmoving party then must affirmatively demonstrate that there exists a genuine issue of material fact requiring trial. Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. Anderson, 477 U.S. at 250.

B.   Analysis

Pursuant to 11 U.S.C. § 1107(a), appellee, as debtor in possession, has nearly all the same rights and powers as a Chapter 11 trustee, including the strong-arm powers set forth in § 544(a). Most relevant to this case are the avoidance powers established by § 544(a)(1):

> (a) The trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by–
>> (1) a creditor that extends credit to the debtor at the time of the commencement of the case, and that obtains, at such time and with respect to such credit, a judicial lien on all property on which a creditor on a simple contract could have obtained such a judicial lien, whether or not such a creditor exists . . .

11 U.S.C. § 544(a)(1).[1] When determining the extent of the trustee's (or DIP's) power under § 544(a)(1), the court looks to the applicable state law. Havee v. Belk, 775 F.2d 1209, 1218 (4th cir. 1985).

---

[1] The parties do not object to the bankruptcy court's determination that, pursuant to In re Hartman Paving, Inc., 745 F.2d 307, 310 (4th Cir. 1984), appellee, as debtor in possession, cannot act as a bona fide purchaser to invalidate a deed of trust under § 544(a)(3), where appellee was a party to the original transaction and had actual notice of its existence. See Bankr. Order 5.

4

The bankruptcy court accurately identified the dispositive issue in this case: namely, whether the two deeds of trust that incorrectly place Lot No. 97<u>9</u> at "228 Shawnee Drive" (the "subject deeds of trust") were valid encumbrances of Lot No. 97<u>8</u> as of the date appellee filed his bankruptcy petition.

North Carolina law provides: "No deed of trust . . . of real . . . property . . . shall be valid to pass any property as against lien creditors . . . from the grantor, mortgagor or conditional sales vendee, but from the time of registration thereof," and "instruments registered in the office of the register of deeds shall have priority based on the order of registration as determined by the time of registration." N.C. Gen. Stat. § 47-20(a).

> The purpose of [the recording statute] is to enable intending purchasers and encumbrancers *to rely with safety on the public record concerning the status of land titles*. It serves to provide constructive notice of claims to real property. It has been characterized as a pure race statute. Where a grantor conveys the same property to two different purchasers, the first purchaser to record his deed wins the race to the Register of Deeds' office and thereby defeats the other's claim to the property, *even if he has actual notice of the conveyance to the other purchaser*. Thus, in order to protect himself against the possibility that his grantor has conveyed the same property to another, a purchaser must examine the public registry. *If he finds no record of such, even if he knows there has been a prior conveyance, he may record his deed with the assurance that his title will prevail.*

In re McCormick, 669 F.3d 177, 181 (4th Cir. 2012) (emphasis in original) (quoting Hill v. Pinelawn Mem'l Park, Inc., 304 N.C. 159, 163, 282 S.E.2d 779, 782 (1981)).

Under North Carolina law, "[a] deed purporting to convey an interest in land is void unless it contains a description of the land sufficient to identify it or refers to something extrinsic by which the land may be identified with certainty." Overton v. Boyce, 289 N.C. 291, 293, 221, S.E.2d 347, 349 (1976). "A deed of trust containing a defective description of the subject property is a defective deed of trust and provides no notice, actual or constructive, under [North Carolina] recordation

statues." Fifth Third Mortg. Co. v. Miller, 202 N.C. App. 757, 761, 690 S.E.2d 7, 9-10 review denied, 364 N.C. 601, 703 S.E.2d 445 (2010).

Here, the parties intended that the two subject deeds of trust reference and encumber "Lot 978." Indeed, the subject deeds of trust correctly identify the intended address: 228 Shawnee Drive. Reference to Lot 979, rather than 978, is a scrivener's error. Appellant asserts that this "minor" typographical error would not prevent a reasonably prudent title searcher from determining that the subject deeds of trust encumber the intended Lot 978. In support, appellant notes that the subject deeds of trust each reference the correct address, 228 Shawnee Drive, three times, and the wrong plat, Lot 979, only once. Furthermore, appellant contends that a title examiner would not reasonably assume that Lot 979 was intended to be encumbered by four separate deeds of trust.

The court finds, however, that the two subject deeds of trust fail to provide a "description of the land sufficient to identify it or refer[ ] to something extrinsic by which the land may be identified *with certainty.*" Overton, 289 N.C. at 293, 221, S.E.2d at 349 (emphasis added). The parties intended that the two deeds of trust encumber Lot 978, with corresponding address 228 Shawnee Drive. Instead, they reference the correct address but mistakenly identify Lot 979. Appellee, at the time the deeds of trust were executed, owned both Lots 978 and 979. From the face of the deeds alone, one could not determine whether encumbrance of Lot 979 or of 228 Shawnee Drive was intended. Nor do the deeds of trust "refer[] to something extrinsic by which the land may be identified *with certainty.*" Id. Furthermore, as noted by the bankruptcy court, North Carolina courts give particular weight to the plat identified in a deed of trust. See Peterson v. Polk-Sullivan, LLC, 206 N.C. App. 756, 759, 698 S.E.2d 514, 515-16 (2010) ("While the Petersons argue that we should consider the deed description and the parties' intentions, the North Carolina Supreme Court has

6

plainly stated that the plat referenced in the deed is controlling"). Accordingly, where the subject deeds of trust do not provide a description or reference something extrinsic to identify the land *with certainty*, they are defective, void, and fail to provide notice, actual or constructive, under North Carolina recordation statutes. Fifth Third, 202 N.C. App. at 761, 690 S.E.2d at 9-10; see also In re McCormick, 669 F.3d at 183 ("We would effectively be laying waste to North Carolina's recordation system if we were to conclude that . . . recording a deed of trust with respect to the wrong parcel substantially complied with the recordation requirements").

Appellant would seek in the alternative to reform the subject deeds of trust. "Reformation is a well-established equitable remedy used to reframe written instruments where, through mutual mistake or the unilateral mistake of one party induced by the fraud of the other, the written instrument fails to embody the parties' actual, original agreement." Metro. Prop. & Cas. Ins. Co. v. Dillard, 126 N.C. App. 795, 798, 487 S.E.2d 157, 159 (1997). However, reformation is not available when an intervening lien creditor, without knowledge of the mistake, has advanced new consideration or incurred some new liability on the faith of the debtor's apparent ownership. In re Law Developers, LLC, 404 B.R. 136, 140 (Bankr. E.D.N.C. 2008) (citing M & J Fin. Corp. v. Hodges, 230 N.C. 580, 582, 55 S.E.2d 201 (1949)).

Pursuant to § 544(a)(1), appellee has the powers of a hypothetical lien creditor who extends credit to the debtor at the time of the commencement of the bankruptcy case and who does so without any knowledge of any mistakes in the debtor's prior encumbrances. 11 U.S.C. § 544(a)(1); see also In re Law Developers, LLC, 404 B.R. at 140. Accordingly, reformation is not available to appellant.

Where the subject deeds of trust are void and not subject to reform, appellee, acting as a hypothetical lien creditor pursuant to § 544(a)(1), may avoid appellant's interest in Lot 978.

## CONCLUSION

The decision of the bankruptcy court is AFFIRMED. The clerk is directed to close the case.

SO ORDERED, this the 9th day of July, 2012.

*[signature]*
LOUISE W. FLANAGAN
United States District Judge